FILED
SUPERIOR COURT
OF GUAM

2021 APR -8 PM 2: 10

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, <br><br> vs. <br><br> JOE FITEN, *aka* Johnson Naich *aka* Johnson Nai *aka* Jake Riec *aka* Johnson Nayz *aka* Jan Ian Mays, <br> DOB: 11/11/1986 or 02/14/1987 or 02/25/1987 <br><br> Defendant. | Case No. CM1077-12 <br><br> **DECISION AND ORDER** <br> (People's Motion to Revoke Probation) |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 11, 2021. Assistant Attorney General Christine Santos Tenorio represented the People of Guam ("the People"). Attorney Peter J. Sablan represented Defendant Joe Fiten (aka Johnson Naich aka Johnson Nai aka Jake Riec aka Johnson Nayz aka Jan Ian Mays) ("Defendant"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation.

## BACKGROUND

On June 12, 2019, Defendant came before the court and entered a plea of guilty to the crime of Assault as a Misdemeanor and Disorderly Conduct as a Petty Misdemeanor. Under the plea agreement, the Defendant was to serve one-year imprisonment, all suspended, with credit for time served for the first charge of Assault as a Misdemeanor. The Defendant was also to serve sixty (60) days incarceration, all suspended, with credit for time served for the second

charge of Disorderly Conduct as a Petty Misdemeanor. The plea agreement also required the Defendant to pay a fine of five hundred dollars ($500), plus court costs; perform one-hundred (100) hours of community service; complete one year of supervised probation; be held liable for restitution, if any; and obey all local and federal laws, among other conditions. The Defendant's probationary term was set to expire on June 11, 2020.

On September 12, 2019, Adult Probation filed the First Violation Report indicating that the Defendant failed to report to Guam Behavioral Health and Wellness Center for intake and assessment, failed to pay the $500 fine and eighty dollars ($80) court costs, and failed to perform 100 hours of community service. While Probation met with the Defendant and agreed on a case plan to complete the aforementioned terms of probation, the Defendant made no effort in complying. The court set a hearing for December 19, 2019, but the Defendant failed to appear at that hearing.

The Defendant was subsequently indicted in a separate case CF0544-19 on October 17, 2019, for Third Degree Felony Assault on a Peace Officer and Misdemeanor Resisting Arrest arising out of his actions on October 2, 2019, in violation of his probationary condition requiring him to obey all laws during the probationary period.

A Second Violation Report was filed on June 1, 2020 indicating that the Defendant's conditions of probation remained outstanding, to include his failure to report to the Guam Behavioral Health and Wellness Center for intake and assessment, failure to make payments, and failure to perform community service.

On September 14, 2020, the Defendant was committed by Judge Benjamin C. Sison Jr. in relation to CF0484-20 arising out of the Defendant's actions on August 30, 2020. This led to a Third Violation Report filed on September 10, 2020, which noted that the Defendant was charged in CF0484-20 for Assault on a Police Officer (As a Third Degree Felony), Possession

of a Schedule II Controlled Substance (As a Third Degree Felony), Driving While Impaired (As a Misdemeanor), Reckless Conduct (As a Misdemeanor) and Vehicle Without Identification (As a Misdemeanor). The court issued a Warrant of Arrest for the Defendant on October 12, 2020, and the Defendant was found to have been already detained at the Department of Corrections in CF0484-20 under the alias Johnson Naich.

The People then filed a Motion to Revoke Probation on October 28, 2020. A Non-Opposition to People's Motion to Revoke Probation was filed by the Public Defender Service Corporation on October 29, 2020.

## DISCUSSION

The court may revoke probation under 9 G.C.A. § 80.66 when an offender inexcusable fails to comply with a substantial requirement imposed as a condition of probation, but only if revocation will best satisfy the ends of justice and the best interests of the public. *See* 9 G.C.A. § 80.66(a)(2). Probation revocation is a two-step process: first, the Court must make a factual determination that a defendant violated a condition of probation, and second, if a violation is proven, the Court must then determine if revocation is warranted. *People v. Camacho*, 2009 Guam 6 ¶ 27. A defendant must also be provided written notice of the grounds for revocation and must be afforded the right to hear and contest the evidence against him, to offer evidence, and to be represented by counsel in order for revocation to be proper. *See* 9 G.C.A. § 80.68(a). "The goal of a revocation hearing is not to decide guilt or innocence, but to determine whether the defendant remains a good risk for probation." *People v. Manila*, 2005 Guam 6 ¶ 13. When a court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. *See* 9 G.C.A § 80.66(b).

Here, the Defendant violated the conditions of his probation by failing to make payments toward the fine and court costs contemplated in the plea agreement, failing to report

to the Guam Behavioral Health and Wellness Center, failing to complete community service, and failing to obey all the laws of Guam. These violations are evidenced by the three violation reports filed by the Adult Probation Office. Not only did the Defendant fail to complete the special terms of his probation during the one year probationary period, but he also was committed on two separate felony charges in violation of the condition requiring him to follow all laws.

The short time span between the imposition of probation and the Defendant's subsequent violations shows a disregard for the conditions set by this court and further shows that the Defendant is not a good candidate for probation. These actions demonstrate the Defendant's unwillingness to follow his probationary conditions. Furthermore, the violent nature of the new charges against the Defendant arising out of his actions on October 2, 2019 and August 30, 2020 further indicate that revocation is in the best interest of the public and will satisfy the ends of justice because it would prevent future harm to the community.

At the revocation of probation hearing on February 11, 2021, Defendant did not provide any excuse or otherwise contest the stated violations. However, Defendant, through his counsel, submitted a Non-Opposition to People's Motion to Revoke Probation requesting for credit for time served and that the court impose a 30-day sentence of incarceration and close this case. Based on the uncontested violations in this matter and the violent nature of the Defendant's additional felony charges, the court concludes that it is in the best interest of the public and would best satisfy the ends of justice to revoke the Defendant's probation and sentence him according to the original plea agreement, with credit for time served.

While set to expire on June 11, 2020, this Court has jurisdiction under the tolling clause found in 9 G.C.A. § 80.66, which indicates that upon a showing of probable cause that a defendant has violated a condition of his probation, the court shall issue a summons or warrant,

and the period of probation will then be tolled pending the hearing upon the motion and the decision of the court. See 9 G.C.A. § 80.66(a)(3). The tolling period starts on the date the summons or warrant was filed by the Clerk of Court and ends on the date the Clerk of Court files a judge's written decision or the judge issues a decision in open court regarding whether the defendant violated a condition of probation, whichever happens first. *See* 9 G.C.A. § 80.66(a)(3)(A). During this period, the Defendant is subject to all conditions of probation. See 9 G.C.A. § 80.66(a)(3)(C).

In the instant case, the court issued a summons for the Defendant on October 22, 2019, and the Defendant failed to appear at the hearing held on December 19, 2019. This in turn deprived the court of the opportunity to decide on whether the defendant violated a condition of probation. The court issued a warrant for the Defendant's arrest on October 12, 2020, which led to the Defendant's arrest and hearing on October 20, 2020, which in effect extended the Defendant's probationary period. Because the Defendant's probation period is tolled, the court has jurisdiction to revoke the Defendant's probation and sentence him according to the original plea agreement.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation. Defendant is hereby sentenced to one (1) year and sixty (60) days incarceration as contemplated in the plea agreement, with credit for time served.

**IT IS SO ORDERED** ___APR 0 8 2021___.



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam